B. A. BOYD v. MRS. ILLA DOTY BOYD, et al.

Western Section.   March 2, 1928.

Petition for Certiorari denied by Supreme Court, May 26, 1928.

302

J. R. Presson and Maddox & Maddox, of Huntingdon, for appellant.

McCall & Murphy, of Huntingdon, for appellee.

SENTER, J. On May 12, 1927, the complainant filed the original bill in this cause. It is alleged in the bill in this cause that in February, 1927, this complainant filed a suit in the circuit court of Carroll county, Tennessee, against the defendant Illa Doty Boyd, seeking a divorce, and that in March, 1927, the defendant Illa Doty Boyd, filed an answer in said case and a cross-bill, denying the charges contained in the petition for divorce that had been filed against her, and alleging in her cross-bill as a ground for divorce, cruel and inhuman treatment, abandonment, and failure to support, and alleged that she was entitled to alimony, permanent and pendente lite, and for support and maintenance of their two children, and pending a hearing on the merits in that case, the court, on motion of Illa Doty Boyd, granted alimony pendente lite at the rate of $30 per month. After this order allowing the alimony pendente lite, the complainant filed the bill in this cause seeking to enjoin further proceedings in the case pending in the circuit court of Carroll county, alleging that there was certain relief in the matter of property rights to which complainant was entitled, and which he could not obtain in a court of law. In the present suit the complainant made one J. L. Limping, as trustee and individually, a defendant and also one W. H. Blair, clerk of the circuit court of Carroll county, Tennessee, a defendant. The original bill charges fraud and misconduct on the part of defendant Limping and the defendant Mrs. Illa Doty Boyd, in obtaining by fraud and deception the title to certain property which complainant alleges to have been purchased and paid for out of his earnings, and that he was induced by the defendants Limping and Mrs. Boyd to sign certain documents or papers making Limping trustee for certain purposes set out in the bill, and that they abused his confidence and procured all the property ultimately to be transferred and the title placed in his wife, Mrs. Boyd. He seeks in the present suit to obtain an absolute divorce from the defendant Mrs. Illa Boyd, and also to have title to the property divested out of her and vested in him.

Mrs. Illa Boyd filed certain pleas in bar to the present suit. First, by special plea it is said that the suit for divorce is now pending in the circuit court of Carroll county, with a full statement of the facts of the pending suit, and also a further special plea of res adjudicata of all the questions and matters set out and relied upon by complainant with reference to the property involved in the present suit, as having been previously fully determined and disposed of

in a former suit and by a former decree of the chancery court of Carroll county. A certified copy of the pleadings, orders and decrees in the suit now pending in the circuit court, and certified copies of the original bill, answer thereto, and cross-bill, and a consent decree in the former chancery suit, were made exhibits to her said pleas and made a part thereof. At the hearing of this cause a motion was made by complainant to strike said pleas for insufficiency, but issue was not joined on the special pleas, and upon a hearing of the motion to strike the special pleas the motion was overruled by the Chancellor, and the special pleas sustained by the Chancellor, and the bill filed in this cause dismissed at the cost of complainant.

From this action of the court the complainant has perfected an appeal to this court, assigning errors.

It appears from the record in this cause and exhibits to the special pleas, that on May 14, 1925, Mrs. Illa Boyd filed an original bill in the chancery court of Carroll county, Tennessee, against the complainant herein, B. A. Boyd, for a divorce, alleging as grounds therefor cruel and inhuman treatment and desertion and failure to support, and praying for an absolute divorce and the custody of their two children, and also for support and maintenance of the children, and alimony. On June 10, 1924, the defendant in said suit, B. A. Boyd, filed an answer and a cross-bill against the complainant, Mrs. Illa Boyd, and in which he denied the material allegations in her bill by way of answer, and by way of cross-bill he sought an absolute divorce and also prayed for a cancellation of the deeds to the property, it being the same property involved in the present suit.

Practically the same allegations were contained in the cross-bill in the former suit, both as to the conduct of the defendant, Mrs. Boyd, and also with reference to the alleged fraud, deceit and imposition alleged to have been practiced upon him in procuring the title in his property to be vested in her, as are contained in the bill filed by him in this cause.

It further appears that a consent decree was entered in the former suit, and which recited in substance, and in part as follows:

"This cause coming on to be heard before the Honorable Tom C. Rye, Chancellor, etc., thereupon the parties appeared in open court by counsel, and represented to the court that the matters in controversy between them had been settled by a written agreement mutually satisfactory, and that under the same each party was to dismiss his bill and cross-bill and pay the costs incident thereto. It is therefore ordered by the court that this cause be dismissed . . ."

By the several assignments of error it is said that the learned Chancellor was in error in overruling the motion of complainant to strike the pleas filed by the defendant Illa Boyd. Second, that the

Chancellor should have granted the motion of complainant for an order pro confesso against the defendant J. L. Limping, and third and fourth, that the Chancellor was in error in sustaining the plea of defendant Illa Boyd on the first ground thereof, a former suit pending, and in sustaining the second ground of the plea, res adjudicata, and fifth, that the Chancellor was in error in dismissing the suit of complainant and dissolving the injunction, and taxing the costs against complainant and the sureties.

It will thus be seen that only two questions are made on this appeal. We will first consider the assignment based upon the action of the Chancellor in denying complainant's motion for an order pro confesso against the defendant Limping. No relief is sought by complainant against defendant Limping, and he was not a necessary or proper party to the suit, even under the allegations contained in the bill. If complainant was entitled to have the conveyances and the instruments referred to in the pleadings cancelled, it could in no sense affect the defendant Limping. Besides this became immaterial in the view of the case taken by the Chancellor with reference to the special pleas filed by the defendant Mrs. Illa Boyd. We think it clear from the record that the allegations contained in the bill in this cause and upon which complainant predicates his right to the relief sought, are practically the same as set forth in the cross-bill which he filed in the former suit in the chancery court referred to. It is contended for appellant on this appeal, that the former suit cannot be held to be res adjudicata of the present suit for the reason that other parties are made defendants to the present suit, that is, Limping as trustee and individually, and the clerk of the circuit court, W. II. Blair. It is true Limping was not made a defendant to the cross-bill of complainant in the former suit. The relief sought in the present suit is the identical relief sought by complainant in the former suit, and upon practically the same allegations. Limping was not made a party to the former suit, and we do not think that he was a necessary or proper party to the present suit, since no relief was sought against him. While he is made a defendant to the suit, and the bill contained certain allegations charging misconduct and collusion by Limping with the wife of complainant in procuring the execution by complainant of the deed and trust deed referred to and set out in the bill in this cause, this in effect is but a more detailed statement of the transaction by which complainant alleged in his original bill they had procured complainant to sign certain papers resulting in the title of the property being put in her. The decree in the former suit appears to have been a consent decree and shows on its face that the complainant and his wife had made a mutual adjustment of all questions pertaining to the property involved both in the former and in the present suit, and by

mutual request and motion procured a dismissal of the original bill and the cross-bill in that cause. It also appears that action was taken because of a signed contract or agreement entered into by the respective parties, and by which complainant was to make no further claim to the property and her suit against him for a divorce and for alimony and for the custody of the children should be dismissed and his cross-bill to be dismissed, and in pursuance of this agreement the parties appeared before the Chancellor in open court and represented to the Chancellor that all matters involved in the suit, both under the original bill and the cross-bill, had been satisfactorily adjusted and settled, and moved a dismissal of both the original bill and the cross-bill, and the consent decree above set forth was entered in the cause. We are of the opinion that the decree in that cause operates as res adjudicata to the present suit. However, we are further of the opinion that the agreement between the parties reduced to writing, and the representations made to the Chancellor in open court to the effect that all matters involved in the case, both under the original bill and the cross-bill, had been satisfactorily adjusted and settled, and asking that a consent decree be entered in the cause dismissing the original bill and the cross-bill, would operate to estop the complainant from seeking to have the same question and the same matters litigated in the present suit.

The suit now pending in the circuit court instituted by the complainant in this cause seeking an absolute divorce from the defendant Illa Boyd, has not been disposed of. The dismissal of this suit does not operate so as to affect the divorce suit now pending in the circuit court, and the further prosecution of which was sought to be enjoined by the bill filed in this cause.

We find no error in the action of the Chancellor in sustaining the pleas, and in dismissing complainant's bill at the cost of complainant and sureties on his cost bond. It results that the decree of the Chancellor is affirmed. The complainant and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.